UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20785-CIV-COOKE
Criminal Case No. 07-20549-CR-COOKE

ANTIOWAN WIWO,

    Petitioner
vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER GRANTING MOTION TO VACATE

THIS MATTER comes before me on Petitioner Antiowan Wiwo's ("Wiwo") Motion to Vacate pursuant to 28 U.S.C. § 2255 (*Wiwo v. United States*, Case No. 09-20785-CIV-ECF No. 1). I have reviewed the motion, the United States of America's (the "Government") response (CIV-ECF Nos. 2, 4, and 6), Wiwo's reply (CIV-ECF No. 10) and all pertinent portions of the underlying criminal file (*United States v. Wiwo*, Case No. 07-20549-CR-COOKE). For the reasons explained below, the motion to vacate is granted.

### I. BACKGROUND

On July 17, 2007, Wiwo was indicted on a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*Indictment*, CR-ECF No. 1). On August 24, 2007, Wiwo pled guilty to the charged offense. (*Statement of Acceptance of Responsibility*, CR-ECF No.15). There was no plea agreement. At the time of Wiwo's plea, carrying a concealed firearm was considered a "crime of violence." *See United States v. Gilbert*, 138 F.3d 1371, 1372 (11th Cir. 1998). The guilty plea, in conjunction with two prior convictions for cocaine possession and carrying a concealed firearm, resulted in Wiwo's classification as a

1

career offender under § 4B1.1 of the U.S. Sentencing Guidelines. Accordingly, on October 24, 2007, Wiwo was sentenced to 84 months imprisonment – the lowest level of the guideline range – followed by two years supervised release.[1] (*Judgment as to Antiowan Wiwo*, CR-ECF No. 19). Wiwo did not file a direct appeal.

## II.  DISCUSSION

### A. Carrying a Concealed Firearm is not a "Crime of Violence"

A defendant is a "career offender" if "the instant offense of conviction if a felony that is either a crime of violence or a controlled substance offense" and the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a). On April 16, 2008, the United States Supreme Court clarified and narrowed the scope of crimes that could properly be called violent felonies or crimes of violence. *Begay v. United States*, 128 S. Ct. 1581 (2008). In *Begay*, the defendant was convicted of being a felon in possession of a firearm. The defendant, having had a prior felony DUI offense, was sentenced as an armed career criminal. The Supreme Court held that New Mexico's felony DUI offense fell outside the scope of the Armed Career Criminal Act's "violent felony" definition. *Begay*, 128 S. Ct. at 1584-85, 1588. Although a DUI involves conduct that could present a serious risk of physical injury to another person, the Court reasoned that a DUI is to dissimilar from the enumerated examples under 18 U.S.C. § 924(e)(2)(B)(ii) – such as burglary, arson, extortion or conduct that presents a serious potential risk of physical injury to

---

[1] Wiwo was subject to a base level offense of 24 under U.S.S.G. § 2K2.1(a)(2). Two levels were added pursuant to § 2K(b)(4)(A) because the firearm in Wiwo's possession was stolen. Three levels were subtracted for Wiwo's acceptance of responsibility, resulting in a final base level offense of 23. With a criminal history category of V, the advisory guideline range was 84 to 105 months.

another. *Id.* at 1584.  Rather, crimes deemed to be violent felonies must be "roughly similar, in kind as well as in degree of risk imposed" to the crimes listed in § 924(e)(2)(B)(ii).

On June 26, 2008, the Eleventh Circuit re-considered whether a prior conviction for carrying a concealed firearm was a "crime of violence" within the meaning of the Sentencing Guidelines' career offender enhancement.  *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).  The Sentencing Guidelines provide for a career offender enhancement where a defendant has at least two prior felony convictions for either a "crime of violence" or a controlled substance offense.  *Id.* at 1349 (citing U.S. Sentencing Guidelines Manual § 4B1.1).  The Guidelines define a "crime of violence" as any felony that "is [a] burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S. Sentencing Guidelines Manual § 4B1.2(a)(2).  The Guideline's definition of a "crime of violence" is "virtually identical" to the definition of "violent felony" under § 924(e) of the Armed Career Criminal Act.  *Archer*, 531 F.3d at 1350, n.1.

In *Archer*, the Eleventh Circuit found that carrying a concealed firearm "is a passive crime centering around *possession*, rather than around any overt action" or "purposeful conduct" because it does not involve the aggressive, violent conduct that is inherent in crimes of violence or violent felonies.  *Id.* at 1351 (emphasis in original). Accordingly, the Eleventh Circuit held that carrying a concealed firearm did not involve a crime of violence within the meaning of the career offender sentencing guidelines.

**B.  Wiwo's Sentence Must Be Vacated**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States … or that the sentence was in excess of the maximum authorized by law, or is otherwise

3

subject to collateral attack." 28 U.S.C. § 2255(a).  Claims asserted in a § 2255 motion, however, must be legally cognizable.  The scope habeas relief for non-constitutional issues, such as the application of the sentencing guidelines or a criminal defendant's status as a career offender, is exceedingly narrow.  *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).[2]  "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error."  *Id.* (citing *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990), *cert. denied*, 498 U.S. 849 (1990)).  Relief under 28 U.S.C. § 2255 is also "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)); *see also United States v. Jones*, 56 F.3d 62 (4th Cir. 1995) ("A sentence is otherwise subject to collateral attack where there is an error constituting a fundamental defect which inherently results in a complete miscarriage of justice.").

The Government correctly argues that Wiwo failed to challenge his status as a career offender on direct appeal.  The Government also correctly contends that Wiwo has failed to show cause and prejudice excusing this default, i.e. ineffective assistance of counsel.  Accordingly, Wiwo has procedurally defaulted the challenge to his career offender status in this §2255 collateral proceeding.  Wiwo, however, is not without a remedy.  "[T]he essential function of habeas corpus is to give a prisoner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'"  *Wofford v. Scott*, 177

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

F.3d 1236, 1244 (11th Cir. 1999) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). A petitioner who has procedurally defaulted a legal challenge to his detention may seek relief is a collateral proceeding when: (1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) the circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's appeal. *Id.*[3] This rule also applies to "sentencing claims … based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id.* at 1245.

Wiwo argues that his concealed firearm conviction is no longer deemed a "crime of violence" under the *Begay* and *Archer* legal framework. The Eleventh Circuit has concluded that *Begay* and *Archer* apply retroactively. *Gilbert v. U.S.*, --- F.3d ---, 2011 WL 1885674 (11th Cir. 2011). In light of *Begay* and *Archer*, Wiwo now only has one prior felony conviction that serves a career offender status qualifying conviction. Accordingly, Wiwo does not meet the requirements for a career offender and his sentence must be vacated. Having found that Wiwo is entitled to relief under the *Wofford* standard, I need not determine whether Wiwo satisfied the miscarriage of justice exception.

### III. CONCLUSION

For the reasons explained in this Order, I hereby **ORDER and ADJUDGE** that Wiwo's Motion to Vacate (CIV-ECF No. 1; CR-ECF Nos. 20. 21) is **GRANTED**. The Clerk is directed

---

[3] This standard is premised on the relations between 28 U.S.C. § 2255's savings clause and a relevant "circuit law-busting, retroactively applicable Supreme Court decision." *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999). Section 2255's saving clause allows a petition to pursue for a procedurally defaulted claim when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his decision." *See* 28 U.S.C. 2255(e).

to **CLOSE** this case (*Wiwo v. United States*, Case No. 09-20785) and **RE-OPEN** the underlying criminal case (*United States v. Wiwo*, Case No. 07-20549) for resentencing purposes.

  **DONE and ORDERED** in chambers at Miami, Florida this day of June 2011.

            *[signature]*
            MARCIA G. COOKE
            United States District Judge

Copies furnished to:

*Counsel of Record*